### COUNTY OF PROVIDENCE, MARCH TERM, 1858, AT PROVIDENCE.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, } Justices.
Hon. ALFRED BOSWORTH,

---

## Gladding O. Thompson *v.* Charles L. Whipple & others.

Where an estate; devised upon condition that the devisee pay certain debts and legacies in relief of a surety upon a bond given by the devisor for the payment of the same, is sold under a decree of a court of chancery, at the suit of the surety, for his reimbursement, the court will not order the surplus of the proceeds of sale remaining in the registry to be paid over to the heirs at law of the devisor, who have been satisfied as legatees, upon the idea that the devise has been forfeited for condition broken; a court of equity relieving against forfeitures, whether for breach of conditions precedent or subsequent, wherever complete compensation has been, or can be and will be made.

BILL IN EQUITY, filed by the complainant, as surety in a bond given by the late Almira Brown, as executrix and residuary devisee and legatee of her father, the late Dexter Brown of Cumberland, for the payment of the debts and legacies of the

said Dexter; the bill averring, that the complainant, as such surety, had been compelled to pay three legacies given by the will of Dexter Brown, amounting, with interest up to the time of payment, to the sum of one hundred and seventy-seven dollars and twenty-five cents. The bill further averred, that Almira Brown, the principal of the complainant in the above bond, and since dead, by the *sixth* clause of her last will and testament, gave to her sister, Amy Ann Blackinton, also since dead, and against whose heirs and devisees, as well as others, heirs of Almira Brown, the bill was filed, all the rest and residue of her property, both real and personal, upon the following condition: " Whereas, by the last will and testament of my honored father, Dexter Brown, late of Cumberland, deceased, I was made residuary legatee and appointed executor of said last will and testament, which trust I accepted, and after proving said will in the court of probate of said Cumberland, I gave a bond to pay the debts and legacies in said will appointed to be paid; and whereas the legacies named in said will, and a portion of the debts due to the creditors of my said father, now remain unpaid; now, therefore, I make this an express condition in this my last will and testament, that the said Amy Ann Blackinton, as a preliminary measure, shall, before she can receive any benefit from this devise, cause the aforesaid debts and legacies due from, and under the will of Dexter Brown, to be paid or secured to the legatees and creditors aforesaid to their full satisfaction, and take from them such a discharge as will fully exonerate my sureties in the aforesaid bond."

The bill prayed, in substance, that the estate given to Amy Ann Blackinton, upon the above condition, or so much thereof as should be necessary for the reimbursement of the complainant as surety, with costs and expenses, might be sold, &c.

The defendants having consented to a decree that the real estate, devised by Almira Brown to her sister Amy Ann Blackinton upon the above condition, should be sold in relief of the surety under the direction of a master, it appeared, by the report of the master, that after satisfying all claims existing against the estate sold by virtue of the condition, there was a balance of upwards of three hundred and forty dollars; which he paid

into the registry of the court, subject, according to the above decree, to the further order of the court.

Charles L. Whipple now filed an application, as one of the heirs at law of Almira Brown, for his proportion of this surplus, claiming that the estate sold had been forfeited by Amy Ann Blackinton, as devisee, for non-performance of the above condition; which claim was resisted by the representatives of Amy Ann Blackinton, who claimed the whole surplus, in her right.

*Weeden*, for Charles L. Whipple, insisted upon the forfeiture for breach of condition precedent.

*B. N. Lapham*, for the representatives of Amy Ann Blackinton, claiming that it appeared, that Amy Ann Blackinton, or her husband, as executor of Almira Brown, had paid the debts of Dexter Brown, and, had Mrs. Blackinton lived, that the legacies in question would have been paid, contended, that a court of equity would not enforce the forfeiture; but, as full compensation had been made out of the estate, would relieve against it. He cited Story, Eq. Jurisp. §§ 1311–1317; 2 Johns. Ch. R. 534; 4 Ib. 415; 2 Conn. 299; 20 Ib. 127; 13 B. Mon. 163.

Bosworth, J. A motion in this case is made for the distribution of a sum of money now lodged in the registry of this court. From the proceedings and proofs in the case, it appears, that Amy Ann Blackinton was residuary devisee and legatee, under the will of Almira Brown, of all the estate of said testatrix not otherwise disposed of in her said will. Annexed to the residuary devise and bequest was a condition, " that the said Amy Ann Blackinton, as a preliminary measure, shall, before she can receive any benefit from this devise," cause certain debts and legacies, due from and under the will of Dexter Brown, to be paid or secured to the legatees and creditors of said Dexter Brown, to their full satisfaction; and to take from them such a discharge as will fully exonerate the sureties on a certain bond for the payment of said debts and legacies, given by said Almira Brown, as executrix and residuary legatee of said Dexter Brown.

It further appears, that before the performance of this condition Amy Ann Blackinton died; and the surety upon the afore-

mentioned bond of Almira Brown for the payment of the debts and legacies of Dexter Brown, applied to this court by bill in equity filed for that purpose, against the heirs of said Amy Ann Blackinton and the heirs of Almira Brown, to have the estate, thus devised upon condition, sold and applied to reimburse him for the legacies, which he, as surety, had previously paid. By consent of parties a decree of this court was made, referring the subject to a master to ascertain the amount of the legacies and interest, and directing that the estate should be sold, and that the amount of the legacies and costs should be paid out of the proceeds of the sale. This order has been performed, and a surplus arising from the sale is now in the registry of the court.

The question now to be considered arises upon the application filed in the case by Charles L. Whipple, who claims, as heir to an undivided half of the estate of Almira Brown, that as Amy Ann Blackinton did not perform the condition of the devise to her, the estate remains to the heirs at law of Almira Brown as intestate estate; he, therefore, claiming one half of said surplus to be paid to him. On the other hand, the minor children of Amy Ann Blackinton claim, that the surplus shall be paid over to them as heirs to their mother, under the devise to her upon the condition aforesaid.

The legacies directed to be paid, arising under the will of Dexter Brown, were due to the said Charles L. Whipple and his two sisters, now deceased. In his own right, and through the two deceased sisters, Charles L. Whipple would be heir to one half of any undevised estate of Almira Brown.

In the lifetime of Amy Ann Blackinton the debts of Dexter Brown were paid. Since her death the legacies have been paid out of the estate; and the answer of the heirs of Amy Ann Blackinton claims the surplus, on the ground, that the condition was partly performed in her lifetime, and would have been wholly performed, but for her death about a year and a half after the death of Almira Brown; and that now, the condition having been fully performed, the estate has become absolute.

The claim made by Charles L. Whipple is on the ground of a forfeiture. The condition annexed to the devise, it is claimed, is a condition precedent, and must be strictly performed, or the

estate is forfeited.   It is said that Amy Ann Blackinton did not
cause the legacies to be paid; but that after her decease they
were paid by a sale of the estate devised, by means of a pro-
ceeding in court.

The doctrine that courts of equity will relieve against a for-
feiture in cases where compensation can be made, is, we think,
well settled; and the circumstances which govern the interfer-
ence of the court are not, whether the condition be subsequent
or precedent, but whether a just compensation can, or cannot
be made.   If these legacies were still outstanding, and the heirs
of Amy Ann Blackinton had asked the aid of the court to be re-
lieved against the forfeiture, and to have the estate upon paying
the amount due, and interest, would this equity be refused?   The
doctrine of equitable relief in such cases was recognized by this
court in the case of *Carpenter and others* v. *Westcott and others*,
4 R. I. 225; and is recognized by numerous authorities.   See
Cruise's Digest, vol. 2, title 13, ch. 2, § 32; 2 Story, Eq. Jurisp.
§§ 1312–1317, and cases cited.   But the claim here is, that the
estate is forfeited, notwithstanding compensation *has* been
made; and the heir here claims, in effect, that the estate has
been forfeited for the non-payment of legacies to himself and
the two sisters through whom he claims, notwithstanding they
have each been paid, and have accepted the legacies bequeathed
to them by the will of Dexter Brown.   We think, from the pro-
ceedings and proofs in the case, that the condition of the devise
to Amy Ann Blackinton has been substantially performed, and
that the surplus now in the registry of the court, should be dis-
tributed according to the sixth clause of the will of Almira
Brown.

The costs of the bill must be paid out of the fund, and the
costs arising upon the petition of Charles L. Whipple be de-
creed against him.